**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Anthony HELM, Defendant–Appellant.**

**No. 02–5975.**

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2004.

Candace G. Hill, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Scott T. Wendelsdorf, Patrick J. Bouldin, Asst. F.P. Western Kentucky Federal Community Defender, Inc., Louisville, KY, for Defendant–Appellant.

Before KRUPANSKY, MOORE, and ROGERS, Circuit Judges.

**OPINION**

MOORE, Circuit Judge.

Defendant–Appellant Michael Anthony Helm ("Helm") appeals the district court's denial of his motion to suppress evidence obtained after Helm was pulled over pursuant to a *Terry* stop. Specifically, he alleges that because the officer who conducted the *Terry* stop lacked any reasonable articulable suspicion to stop him while he was driving his car, the resulting arrest and search of his car violated his Fourth Amendment rights. Hence, Helm argues that the contraband found as a result of the search should have been suppressed by the district court. We hold that because the officer had reasonable articulable sus-

picion such as to justify a *Terry* stop, the district court was correct in denying Helm's motion to suppress. We therefore AFFIRM.

On the evening of June 18, 2001, at around 9:00 p.m., Helm and a friend decided to visit a Taco Bell restaurant in Louisville, Kentucky. Helm parked his vehicle in a parking lot located between the restaurant and the Kentucky Organ Donor Association ("KODA"), which was closed.[1] Helm parked his car next to the KODA building, even though there were spots available closer to the restaurant. At the same time, Officer Pam Oberhausen ("Oberhausen"), a Louisville police officer on patrol, observed the car as she was driving by. Because KODA had had numerous burglar alarm runs[2] in the previous six months, and because Helm's car was the only car parked in the lot and was parked next to KODA, she decided to turn around and investigate based on her suspicion that something may have been going on.[3] As she doubled back, however, she observed the vehicle departing the parking lot, so she decided to follow it. As she did, she noticed that based on her experience, Helm was driving in a manner that was particularly cautious and that reflected his intent to evade her. Oberhausen finally pulled Helm over and told him why she was conducting the stop. She asked for his license, at which point Helm responded that it was suspended. While waiting for backup, Oberhausen observed Helm "make a very definite move reaching and putting something under [his] seat." Joint Appendix ("J.A.") at 117. After backup arrived,

she ran a check on Helm and found that Helm's license was suspended and there was an outstanding warrant for his arrest for operating a car with a suspended license. Oberhausen placed Helm under arrest, and the backup officer searched the vehicle incident to arrest and uncovered counterfeit money under Helm's seat. Helm was charged with various counterfeiting offenses. He filed a motion to suppress the counterfeit money, arguing that Oberhausen's stop of the vehicle lacked both probable cause and reasonable suspicion "that the defendant had been, was then, or was about to be involved in criminal activity." Appellant's Br. at 4. The district court referred the matter to a magistrate judge to conduct an evidentiary hearing and prepare proposed findings and recommendations. The magistrate judge recommended that the motion be denied. The district court agreed. Helm then entered a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, thereby reserving the right to appeal the denial of the pretrial suppression motion. He was sentenced on July 25, 2002 and filed a timely notice of appeal on July 30, 2002. On review, we believe that the district court did not err in concluding that Oberhausen had reasonable articulable suspicion to conduct a *Terry* stop of Helm's vehicle.

"When reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law *de novo.*" *United States v. Hurst,* 228 F.3d 751, 756 (6th Cir.2000). Pursuant to *Terry v. Ohio,* 392 U.S. 1, 88

1. The parking lot was designated parking for both the restaurant and KODA.

2. Specifically, during 2001, there had been seven burglar-alarm runs to KODA, as well as a number of runs to Taco Bell and a service station nearby. None of these had involved actual burglaries.

3. In fact, Oberhausen testified that this was common for her: "when a car is sitting off to itself and there's occupants in the vehicle, I usually do an investigative stop to figure out why they're doing that; what their business is . . . ." Joint Appendix ("J.A.") at 113.

S.Ct. 1868, 20 L.Ed.2d 889 (1968), "where a law enforcement officer lacks probable cause, but possesses a reasonable and articulable suspicion that a person has been involved in criminal activity, he may detain the suspect briefly to investigate the suspicious circumstances."[4]  *United States v. Bentley*, 29 F.3d 1073, 1075 (6th Cir.1994). *Hurst* accurately summarizes the relevant law:

> [A]n investigative detention is permissible when it is based upon "specific and articulable facts which, taken together with rational inferences from those facts," give rise to a reasonable suspicion that the individual is, was, or is about to be engaged in criminal activity.... In reviewing a challenged investigative stop, "the totality of the circumstances—the whole picture—must be taken into account." ... Furthermore, "[i]n assessing the reasonableness of the stop, the facts are 'judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?'"

228 F.3d at 757 (quoting *United States v. Barrett*, 890 F.2d 855, 860 (6th Cir.1989)). In assessing suspicious behavior, certain factors (i.e., driving slowly) "might well be unremarkable in one instance ... while quite unusual in another...." *United States v. Arvizu*, 534 U.S. 266, 276, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Finally, evasive behavior on the part of a suspect is also a factor that may be considered in determining reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

In light of the relevant caselaw, the factors observed by Oberhausen (i.e., that Helm was parked next to the KODA building when there was room to park next to the Taco Bell restaurant, it was 9:00 p.m. at night, Oberhausen could tell that the car was occupied, there had been many burglar-alarm runs to the KODA building in the previous six months, Helm departed the parking lot as soon as Oberhausen drove by, Helm drove in a manner that struck Oberhausen as attempting to avoid her, and he drove very cautiously so as not to violate any traffic laws) amount to reasonable articulable suspicion such as to justify the *Terry* stop that was made.  In reaching this conclusion, we note our reliance on the magistrate judge's thorough Report and Recommendation, in which we find no clear error in the fact finding; based on our own independent review, we agree with the legal conclusions reached. For these reasons, we AFFIRM the judgment of the district court.

---

4. The *Terry*-stop doctrine has been extended to investigative stops of a moving vehicle.

*United States v. Bentley*, 29 F.3d 1073, 1075 (6th Cir.1994).